Fred W. Halloran, Plaintiff-Appellee, *v.* Sisters of St. Joseph of the Third Order *et al.*, Defendants—(Grundstrom Co., Inc., Defendant-Appellant.)

(No. 56898;

First District (4th Division)—May 16, 1973.

Tom L. Yates, of Chicago, (Carl E. Abrahamson, of counsel,) for appellant.

Michael H. Postilion, of Chicago, for appellee.

Mr. JUSTICE ADESKO delivered the opinion of the court:

Fred W. Halloran brought a personal injury action against Grundstrom Co., Inc. (hereinafter Grundstrom), Sisters of St. Joseph of the Third Order (hereinafter Sisters) and other defendants. The other defendants were dismissed from the case prior to trial. A directed verdict was entered on behalf of the Sisters at the close of plaintiff's evidence. A jury verdict was returned for the plaintiff and against Grundstrom and damages were assessed at $61,000 plus costs. On appeal Grundstrom contends that:

(1) The trial court erred in denying defendant's motion for a directed verdict;

(2) It was not afforded a fair trial free of prejudicial error;

(3) The trial court erred in giving jury instructions Nos. 1, 9A, 10A and 11A; and

(4) Damages awarded to plaintiff were excessive.

The relevant facts are as follows:

On August 19, 1963, plaintiff was working at the Sisters Convent job site as a construction plumber's apprentice for A. C. Oughten Co. Plaintiff and Salvatore Scopa were installing a sprinkler system. Grundstrom was in charge of landscaping work at the convent job site and had dug holes in which trees were to be planted. Scopa testified that there were tree holes in the work area. Alfred Kickel, Vice-President of Grundstrom, testified that the tree holes were left open between August 14, 1963, and August 21, 1963. Kickel also testified that the holes were not covered with planks and no warning signs or barricades were put up. The usual landscaping practice was to dig the tree hole and then immediately fill it with black dirt or plant the tree. Plaintiff testified that when Scopa was in front and he was in the rear while carrying four or five sprinkler pipes in the work area, dirt under his left foot at the edge of a tree hole caved in and he fell into the hole. When plaintiff fell he struck his back injuring his lower back and right hip. No one saw plaintiff fall.

Plaintiff waited until three days after the accident before he went to see a doctor.

■■ Defendant's first contention on appeal was that the trial court erred in denying its motion for a directed verdict in that plaintiff failed to prove that he was free of contributory negligence and that defendant was negligent and that such negligence proximately caused plaintiff's injury. The law in Illinois, relative to whether a trial court has properly denied a motion to direct a verdict is set out in *Pedrick v. Peoria & Eastern R.R. Co.*, 37 Ill.2d 494, 229 N.E.2d 504 at page 510:

> "In our judgment verdicts ought to be directed and judgments *n.o.v.* entered only in those cases in which all of the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors movant that no contrary verdict based on that evidence could ever stand."

■■ Applying the *Pedrick* standard, we find that the trial court's denial of defendant's motion for a directed verdict was amply supported by the evidence preserved in the record.

■■ Defendant's second contention on appeal was that it was not afforded a fair trial free of prejudicial error. Defendant contends that statements, conduct and final argument by plaintiff's counsel were prejudicial. Defendant also contends that the trial court erred in overruling its objections to evidence offered by plaintiff and in denying its motion for a mistrial. In support of these contentions, defendant cites numerous instances throughout the record which it considers exemplary of such prejudicial error. A thorough review of the record indicates that defendant's contentions lack merit and that it was given a fair trial.

■■ Defendant's third contention on appeal was that the trial court erred in giving plaintiff's jury instructions Nos. 1, 9A, 10A and 11A. Defendant objected to plaintiff's jury instruction No. 1, stating "that it's repetitious." Plaintiff's counsel adequately set out the differences among the three allegations of the instruction in the record, which defendant failed to abstract. Defendant objects to plaintiff's jury instructions Nos. 9A, 10A and 11A, alleging that there was no basis in the evidence for giving these instructions. Defendant's counsel admitted that plaintiff could not do heavy construction work as a plumber and Dr. Donald Miller testified as to the extent of plaintiff's injuries. Upon reviewing the record we find that there is adequate evidence of lost earnings and of future loss of earnings upon which the jury could make a finding.

■■ Defendant's final contention on appeal was that the damages awarded to the plaintiff were excessive. A review of the evidence in the record reflects that plaintiff incurred medical bills of $2,330 and also

lost thirteen weeks of wages which amounted to $1,820. Furthermore, plaintiff could no longer continue in the construction plumbing business due to the severity of his injuries and as a result suffered a diminution in his earning capacity. The injury to plaintiff's back is permanent and will get worse. In view of these facts, we find that the damages awarded to the plaintiff were not excessive.

For the reasons given, the judgment of the Circuit Court of Cook County is affirmed.

Judgment affirmed.

DIERINGER and JOHNSON, JJ., concur.